## Robert Lee Leasing, Inc. v. Naughton

*G. Guy Smith,* for plaintiff.
*Richard G. Fishman,* for defendant.

deFURIA, J., March 18, 1975—Plaintiff took a default judgment against defendant who was served with a complaint but neither filed an appearance nor an answer. Defendant moved to strike the judgment.

The complaint was irregularly and incompletely endorsed as follows:

"You are hereby notified to plead to the enclosed Complaint within twenty (20) days from service hereof."

The 1969 amendment to Pa. R.C.P. 1361 requires the additional warning: "or a default judgment may be entered against you."

Has the incomplete notice any legal effect? Can it be the basis for the entry of a default judgment? Both questions must be answered in the negative.

The defective notice will not support the entry of a default judgment, which is a nullity, and defendant will be granted leave to answer: 3A Anderson Pa. Civ. Prac., §1361.3; Plunkett v. Carpee, 56 D. & C. 2d 190 (1972); Boro. Rochester v. Dove, 57 D. & C. 2d 662 (1972); Kentucky Central Life Ins. Co. v. Hullis, 59 D. & C. 2d 540 (1972).

## ORDER

And now, March 18, 1975, the judgment in favor of plaintiff and against defendant is stricken, and defendant is granted leave to file a responsive pleading within 20 days from the date hereof.